1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INNOVATION VENTURES, LLC, et al.,

        Plaintiffs,

  v.

PITTSBURG WHOLESALE GROCERS, INC., et al.,

        Defendants.

_____/

No. C 12-05523 WHA

**ORDER GRANTING
MOTION TO STRIKE**

Defendants Pittsburg Wholesale Grocers, Inc. and Pacific Groservice, Inc. ("Pitco") filed a motion under Rule 12(f) to strike conspiracy allegations in plaintiffs' second amended complaint. No opposition on the merits was filed. A self-serving, conditional statement of non-opposition was filed, but the statement did not address plaintiffs' position on the motion were the conditions not accepted. In particular, defendants stated that they did not oppose the motion to strike on condition that "the Court's order clarify that those words are stricken only insofar as they refer to Pitco." Subsequent to the filing of their conditional statement of non-opposition, defendant United Custom Distribution, LLC, filed a motion for joinder in Pitco's motion to strike (Dkt. No. 178).

In light of the failure of the complaint on its face to support the allegations of conspiracy therein, all conspiracy allegations in the second amended complaint shall be **STRICKEN**. Plaintiffs' suggestion that the conspiracy allegations should be preserved as to three defendants because the complaint asserts "facts that allow the inference of conspiracy (i.e. unlawful

agreement)" is unpersuasive.  Where, as here, the object of the conspiracy is fraudulent, the allegations of conspiracy are subject to the heightened pleading requirements of Rule 9(b). *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007).  Even assuming the facts in the paragraphs cited by plaintiffs permit an inference of conspiracy, they do not state with particularity the circumstances constituting the conspiracy.

Plaintiffs' observation that no other defendants have moved to strike does not affect the calculus.  A defendant's standing to challenge the conspiracy allegations against other defendants is irrelevant because Rule 12(f)(1) plainly contemplates that a Court may strike pleadings "on its own" initiative.

**IT IS SO ORDERED.**

Dated:   February 7, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE