IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATION VENTURES, LLC, et al.,<br><br>    Plaintiffs,<br>  v.<br>PITTSBURG WHOLESALE GROCERS, INC., et al.,<br><br>    Defendants.<br>_____/ | No. C 12-05523 WHA<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES AND VACATING HEARING** |

In this anti-counterfeiting action regarding 5-hour Energy drinks, plaintiffs move to strike certain affirmative defenses from defendants' first amended answer. For the reasons given below, this motion is **GRANTED**.

Plaintiff International IP Holdings, LLC owns the 5-hour Energy trademark, copyright, and trade dress. Plaintiff Innovation Ventures, LLC exclusively licenses the 5-hour Energy trademark, copyright, and trade dress. Plaintiff Living Essentials, LLC, a subsidiary of Innovation Ventures, distributes 5-hour Energy. Plaintiffs allege that the defendants in this action have been involved in a scheme to manufacture and sell counterfeit 5-hour Energy drinks. Defendants Dan-Dee Company, Inc., and its owners Fadi Attiq and Kevin Attiq (collectively "Dan-Dee"), are among the many wholesale grocers and distributors allegedly involved.

Dan-Dee and the Attiqs separately answered plaintiffs' second amended complaint in January 2013 (Dkt. Nos. 159, 161). Plaintiffs moved to strike most of the 26 asserted affirmative defenses (Dkt. No. 191). Dan-Dee conceded that many of its defenses did not meet the pleading

standard (Dkt. No. 234). An order allowed plaintiffs to withdraw the motion and permitted Dan-Dee and the Attiqs each to file an amended answer, which are identical except for defendants' names (Dkt. Nos. 235, 243, 245). Now, plaintiffs bring a Rule 12(f) motion to strike 11 of the 27 defenses contained in Dan-Dee's answers. None of these 11 defenses is an affirmative defense and all are **STRICKEN.**

### 1. LEGAL STANDARD.

Our court of appeals has not addressed whether the pleading standards of *Iqbal* and *Twombly* apply to affirmative defenses. Judges in this district, including the undersigned, have generally agreed that they do. *See PageMelding, Inc. v. ESPN, Inc.*, C 11-06263-WHA, 2012 WL 3877686 (N.D. Cal. Sept. 6, 2012) (collecting cases). "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true. In contrast, denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses." *G & G Closed Circuit Events, LLC v. Nguyen*, C 10-00168, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010) (Judge Lucy Koh) (internal citation and quotation marks omitted). "Affirmative defenses are governed by the same pleading standards as claims. Notice requires more than legal conclusions; factual allegations must establish a right to relief that is 'beyond the speculative level.'" *PageMelding*, 2012 WL 3877686 at *5 (internal citation omitted).

"Pursuant to a motion under [Rule] 12(f), the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. [Rule] 12(f) is a means by which to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Matsushita Elec. Indus. Co. Ltd. v. CMC Magnetics Corp.*, C 06-04538-WHA, 2006 WL 3290413 (N.D. Cal. Nov. 13, 2006) (internal citation and quotations omitted).

### 2. DEFENSES THAT DENY LIABILITY.

The fifth, twelfth, seventeenth, nineteenth, twenty-third, and twenty-fifth affirmative defenses deny allegations in the complaint or elements of plaintiffs' prima facie case and thus are not true affirmative defenses but denials of liability. *J & J Sports Prods., Inc. v.*

*Mendoza-Govan*, C 10-05123-WHA, 2011 WL 1544886 (N.D. Cal. Apr. 25, 2011). These include: (5) lack of prior knowledge; (12) bona fide error and/or innocent mistake; (17) lack of duty owed; (19) lack of willful misconduct; (23) lack of bad faith; and (25) lack of an agency relationship. The above-listed affirmative defenses are **STRICKEN**.

The fourth affirmative defense also attacks plaintiffs' case rather than being a true affirmative defense. It reads:

> Each of Plaintiffs' trademarks that contains the term or phrase "5-Hour Energy" is merely descriptive of the supposed and desired effect of their products upon consumers who ingest them — viz., providing an energy boost that lasts for five hours. The term or phrase "5-Hour Energy" is therefore descriptive and has become associated with Plaintiffs only by secondary meaning — namely, Plaintiffs' ongoing sales and promotion of their own products under the name "5-Hour Energy." Plaintiffs' rights and remedies must be limited accordingly.

(Dkt. No. 243 at 21).

This defense is also a mere denial of one aspect of plaintiffs' case, rather than a true affirmative defense. The parties spill much ink arguing whether a motion to strike is the proper place to determine if the 5-hour Energy marks and trade dress merit strong trademark protections. This order need not reach that issue. Elsewhere in their answers, defendants have addressed plaintiffs' assertions regarding the relative strength of the marks (Ans. at 6). Because the fourth affirmative defense is not an affirmative defense at all, but merely responds to an element of plaintiffs' case, it is **STRICKEN**. All of the foregoing is without prejudice to defendant litigating these points to the extent relevant to any claims asserted by plaintiff.

### 3. DEFENSES THAT ATTACK THE SUFFICIENCY OF THE COMPLAINT.

The tenth, eleventh, and twenty-seventh affirmative defenses merely allege that plaintiffs have failed to state a claim, and would more properly have been brought under a Rule 12(b)(6) motion rather than framing them as affirmative defenses. *Perez v. Gordon & Wong Law Group, P.C.*, C 11-03323, 2012 WL 1029425 (N.D. Cal. Mar. 26, 2012) (Judge Lucy Koh). The tenth affirmative defense states "[p]laintiffs have failed to allege sufficient facts to state any claim for which relief can be granted and have failed to meet the pleading requirements . . ." (Ans. at 25). The eleventh affirmative defense alleges "[p]laintiff's boiler-plate allegations of conspiracy have

been stricken from their amended complaint . . . so that [p]laintiffs have failed to state an actionable claim for relief against them" (*ibid.*). The twenty-seventh affirmative defense alleges "[t]he complaint fails to state any basis for injunctive relief because it fails to plead continuing facts, the threat of irreparable harm, or the inadequacy of a legal remedy" (*ibid.*). The tenth, eleventh, and twenty-seventh affirmative defenses are not affirmative defenses and are therefore **STRICKEN**. It is noted that this does not preclude defendants from later asserting these types of defenses in a Rule 12(c) motion or at trial. Rule 12(h)(2); *G & G*, 2010 WL 3749284 at \*5.

Similarly, the twenty-fourth affirmative defense is not a true affirmative defense but would more properly have been brought as a motion for a more definite statement under Rule 12(e). *G & G*, 2010 WL 3749284 at \*5. The twenty-fourth affirmative defense alleges "[p]laintiffs' claims, as pled, are uncertain, ambiguous and unintelligible . . ." (Ans. at 27). A lack of clarity in the complaint should be addressed through a Rule 12(e) motion, which may only be made before serving a responsive pleading. Although plaintiffs pointed out this deficiency in their first motion to strike Dan-Dee's affirmative defenses (Dkt. No. 191), defendants failed to meaningfully address the problem in their amended answer. Given defendants' choice to reallege the deficient twenty-fourth affirmative defense, it is **STRICKEN**.

Plaintiffs' motion to strike defenses (4), (5), (10), (11), (12), (17), (19), (23), (24), (25), and (27) is **GRANTED**. The hearing scheduled for May 16, 2013, is **VACATED**.

**IT IS SO ORDERED.**

Dated: May 13, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE