Thomas P. Mazzucco (tmazzucco@mpbf.com) — CA Bar No. 139758
Aaron K. McClellan (amcclellan@mpbf.com) — CA Bar No. 197185
Bryan L. P. Saalfeld (bsaalfeldgmpbf.com) — CA Bar No. 243331
Nicholas C. Larson (nlarson@mpbf.com) — CA Bar No. 275870
MURPHY, PEARSON, BRADLEY & FEENEY, P.C.
88 Kearny Street, 10th Floor
San Francisco, CA 94108-5530
Tel:    (415) 788-1900
Fax:(415) 393-8087

Geoffrey Potter (gpotter@pbwt.com) *(pro hac vice)*
Michelle W. Cohen (mcohen@pbwt.com) *(pro hac vice)*
Christos G. Yatrakis (cyatrakis@pbwt.com) *(pro hac vice)*
Aron Fischer (afischer@pbwt.com) *(pro hac vice)*
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone:   (212) 336-2000
Fax:         (212) 336-2222

Attorneys for Plaintiffs
INNOVATION VENTURES, LLC, LIVING ESSENTIALS, LLC,
and INTERNATIONAL IP HOLDINGS, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATION VENTURES, LLC, LIVING ESSENTIALS, LLC, and INTERNATIONAL IP HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>PITTSBURG WHOLESALE GROCERS, INC., d/b/a PITCO FOODS, et al.,<br><br>Defendants,<br><br>AND RELATED CROSS-CLAIMS. | Case No. C-12-5523-WHA<br><br>[~~PROPOSED~~] CONSENT JUDGMENT AND PERMANENT INJUNCTION |

On consent of Plaintiffs Innovation Ventures, LLC, Living Essentials, LLC, and International IP Holdings, LLC (together, "Living Essentials") and Defendant Steven Milakofsky, it is hereby ORDERED, ADJUDGED and DECREED:

1.    For purposes of this injunction, the "5-hour ENERGY® Marks" are

- "5 HOUR ENERGY" (Registration No. 3,003,077);
- "5-HOUR ENERGY" (Registration No. 4,004,225);
- **5-hour ENERGY** (Registration No. 4,104,670);
- ▪ which includes the wording "5-hour ENERGY" in black outlined in yellow, below which are the words "EXTRA STRENGTH" in yellow, along with a person in black silhouette, outlined in yellow, shown in an athletic pose adjacent to an uneven landscape, with the sky depicted in transitioning colors from black to red as the sky meets the landscape (Registration No. 4,116,951);
- ⃗ commonly referred to as "Running Man," (Registration No. 3,698,044); and
- ▪ which includes the wording "5-hour ENERGY" in black outlined in yellow, along with a person in black silhouette, outlined in yellow, shown in an athletic pose adjacent to an uneven landscape, with the sky depicted in transitioning colors from red to yellow as the sky meets the landscape (Registration No. 4,120,360).

2. For purposes of this injunction, the "5-hour ENERGY® Trade Dress" is the distinctive packaging used to distinguish 5-hour ENERGY® products in the marketplace and which consumers associate strongly with the products. The packaging is shown as follows:




3. Milakofsky, his agents, servants, employees, affiliates, or any other person in active concert and participation with him, is permanently enjoined from:

    a. using any of the 5-hour ENERGY® Marks, as defined in Paragraph 45 of the Second Amended Complaint (or any marks confusingly similar thereto) on any counterfeit product in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other use of dietary supplements;

    b. using any logo, trade name, or trademark confusingly similar to any of the 5-hour ENERGY® Marks which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Milakofsky or of others are sponsored by, authorized by, or in any way associated with Living Essentials;

    c. infringing any of the 5-hour ENERGY® Marks or the 5-hour ENERGY® Trade Dress;

    d. falsely representing himself as being connected with Living Essentials or sponsored by or associated with Living Essentials, or engaging in any act which is likely to cause the trade, retailers, or members of the purchasing

public to believe that he or the other defendants are associated with Living Essentials, provided, however, that the purchase and sale of 5-hour ENERGY® products shall not in and of itself fall within this sub-paragraph;

e. using any reproduction, counterfeit, copy, or colorable imitation of any of the 5-hour ENERGY® Marks in connection with the publicity, promotion, sale, or advertising of dietary supplements;

f. affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent those goods as being 5-hour ENERGY® and from offering such goods in commerce;

g. buying, selling, transferring (other than to Living Essentials or law enforcement officials), altering, or destroying any counterfeit products with the 5-hour ENERGY® Marks;

h. diluting any of the 5-hour ENERGY® Marks; and

i. assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (h) above.

4. Nothing contained in this Consent Judgment and Permanent Injunction is or shall be construed as an admission, express or implied, of any improper or illegal conduct, or of any culpability or liability by Milakofsky.

5. Any claims that Milakofsky may have against any other individual or entity arising out of his purchase, distribution, advertising, offering for sale, and sale in commerce of the products containing the 5-hour ENERGY® Marks or the 5-hour ENERGY® Trade Dress are hereby assigned to Living Essentials.

6. In addition to other remedies, including damages, for contempt of this Permanent Injunction, in the event of breach or violation of the terms of this Permanent Injunction by Milakofsky, his agents, servants, employees, affiliates, or any other person in active concert and participation with him, Living Essentials is entitled to a preliminary and permanent injunction against the breaching conduct solely upon a showing of a likelihood of success of establishing that such a breach occurred. A prevailing party, in addition to any award of damages or injunctive relief, shall be entitled to an award of actual attorneys' fees in any such dispute. Living Essentials and Milakofsky each agree that jurisdiction and venue for such an action exist in this District Court and Milakofsky waives any and all defenses based on personal jurisdiction and venue.

7. This Consent Judgment is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this action is hereby dismissed with prejudice against Milakofsky only, without costs or attorneys' fees.

Dated: April 30 2013

INNOVATION VENTURES, LLC, LIVING ESSENTIALS, LLC, and INTERNATIONAL IP HOLDINGS, LLC

By: _____
Geoffrey Potter, Esq.
Michelle W. Cohen, Esq.
Christos Yatrakis, Esq.
Aron Fischer, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
*Attorneys for Innovation Ventures, LLC, Living Essentials, LLC, and International IP Holdings, LLC*

STEVEN MILAKOFSKY

Based upon the foregoing consent between Plaintiffs Innovation Ventures, LLC, Living Essenials, LLC (together, "Living Essentials") and Defendant Steven Milakofsky:

**IT IS SO ORDERED**.

Date: May 20, 2013.

_____
HONORABLE WILLIAM H. ALSUP
UNITED STATES DISTRICT JUDGE