Thomas P. Mazzucco (tmazzucco@mpbf.com) – CA Bar No. 139758
Aaron K. McClellan (amcclellan@mpbf.com) – CA Bar No. 197185
Bryan L. P. Saalfeld (bsaalfeld@mpbf.com) – CA Bar No. 243331
Nicholas C. Larson (nlarson@mpbf.com) – CA Bar No. 275870
MURPHY, PEARSON, BRADLEY & FEENEY, P.C.
88 Kearny Street, 10th Floor
San Francisco, CA 94108-5530
Tel:  (415) 788-1900
Fax:  (415) 393-8087

Geoffrey Potter (gpotter@pbwt.com) (*pro hac vice*)
Michelle W. Cohen (mcohen@pbwt.com) (*pro hac vice*)
Christos G. Yatrakis (cyatrakis@pbwt.com) (*pro hac vice*)
Aron Fischer (afischer@pbwt.com) (*pro hac vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 336-2000
Fax:  (212) 336-2222

Attorneys for Plaintiffs
INNOVATION VENTURES, LLC, LIVING ESSENTIALS, LLC,
and INTERNATIONAL IP HOLDINGS, LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

—————————————————— x

INNOVATION VENTURES, LLC,
LIVING ESSENTIALS, LLC, and
INTERNATIONAL IP HOLDINGS,
LLC,

　　　　　　　　Plaintiffs,

- against -

PITTSBURG WHOLESALE GROCER,
INC. d/b/a PITCO FOODS, ET AL.,
　　　　　　　　Defendants.

RELATED CROSS-ACTIONS.

—————————————————— x

Case No. 12-5523 (WHA)

[PROPOSED] CONSENT
JUDGMENT AND PERMANENT
INJUNCTION

On consent of Plaintiffs Innovation Ventures, LLC, Living Essentials, LLC, and International IP

Holdings, LLC (together, "Living Essentials") and Defendant Rayco Fuels, Inc., d/b/a Jacumba

Shell ("Jacumba Shell"), it is hereby ORDERED, ADJUDGED and DECREED:

1. For purposes of this injunction, the "5-hour ENERGY® Marks" are:

- "5 HOUR ENERGY" (Registration No. 3,003,077);

- "5-HOUR ENERGY" (Registration No. 4,004,225);

- **5-hour ENERGY** (Registration No. 4,104,670);

- which includes the wording "5-hour ENERGY" in black outlined in yellow, below which are the words "EXTRA STRENGTH" in yellow, along with a person in black silhouette, outlined in yellow, shown in an athletic pose adjacent to an uneven landscape, with the sky depicted in transitioning colors from black to red as the sky meets the landscape (Registration No. 4,116,951);

- , commonly referred to as "Running Man," (Registration No. 3,698,044); and

- which includes the wording "5-hour ENERGY" in black outlined in yellow, along with a person in black silhouette, outlined in yellow, shown in an athletic pose adjacent to an uneven landscape, with the sky depicted in transitioning colors from red to yellow as the sky meets the landscape (Registration No. 4,120,360).

2. For purposes of this injunction, the "5-hour ENERGY® Trade Dress" is the distinctive packaging used to distinguish 5-hour ENERGY® products in the marketplace and which consumers associate strongly with the products. The packaging is shown as follows:



3.     Jacumba Shell and its agents, servants, employees, and all other persons in active concert and participation with them, are permanently enjoined from:

    a.   using any of the 5-hour ENERGY® Marks (or any marks confusingly similar thereto) on any counterfeit product in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other use of dietary supplements;

    b.   using any logo, trade name, or trademark confusingly similar to any of the 5-hour ENERGY® Marks which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Jacumba Shell or of others are sponsored by, authorized by, or in any way associated with Living Essentials;

    c.   infringing any of the 5-hour ENERGY® Marks or the 5-hour ENERGY® Trade Dress;

    d.   falsely representing itself as being connected with Living Essentials or sponsored by or associated with Living Essentials, or engaging in any act which is likely to cause the trade, retailers, or members of the purchasing

public to believe that it or the other defendants are associated with Living Essentials, provided, however, that the purchase and sale of 5-hour ENERGY® products shall not in and of itself fall within this sub-paragraph;

    e. using any reproduction, counterfeit, copy, or colorable imitation of any of the 5-hour ENERGY® Marks in connection with the publicity, promotion, sale, or advertising of dietary supplements;

    f. affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent those goods as being 5-hour ENERGY® and from offering such goods in commerce;

    g. buying, selling, transferring (other than to Living Essentials or law enforcement officials), altering, or destroying any counterfeit products with the 5-hour ENERGY® Marks; and

    h. assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

4. Nothing contained in this Judgment and Permanent Injunction is or shall be construed as an admission, express or implied, of any improper or illegal conduct, or of any culpability or liability by Jacumba Shell.

5. Any claims that Jacumba Shell may have against any other individual or entity arising out of Jacumba Shell's purchase, distribution, advertising, offering for sale, and sale in commerce of the products containing the 5-hour ENERGY® Marks are hereby assigned to Living Essentials.

6. In addition to other remedies, including damages, for contempt of this Permanent Injunction, in the event of breach or violation of the terms of this Permanent Injunction by

Jacumba Shell, its agents, servants, employees, affiliates, subsidiaries, or any other person in active concert and participation with them, Living Essentials is entitled to a preliminary and permanent injunction against the breaching conduct solely upon a showing of a likelihood of success of establishing that such a breach occurred. A prevailing party, in addition to any award of damages or injunctive relief, shall be entitled to an award of actual attorneys' fees in any such dispute. Living Essentials and Jacumba Shell each agree that jurisdiction and venue for such an action exist in this District Court and Jacumba Shell waives any and all defenses based on personal jurisdiction and venue.

This Judgment is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this action is hereby dismissed, with prejudice, only against Jacumba Shell, without costs or attorneys' fees.

INNOVATION VENTURES, LLC,
LIVING ESSENTIALS, LLC, and
INTERNATIONAL IP HOLDINGS, LLC

By: _Geoffrey Potter /sm_____
Geoffrey Potter, Esq.
Michelle W. Cohen, Esq.
Christos Yatrakis, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
*Attorneys for Innovation Ventures, LLC,*
*Living Essentials, LLC, and*
*International IP Holdings, LLC*

RAYCO FUELS, INC d/b/a JACUMBA
SHELL

By: _____
Quintin G. Shammam
Law Offices of Quintin G. Shammam
2221 Camino Del Rio South, Ste. 207
San Diego, CA 92108
(619) 444-0001
*Attorney for Rayco Fuels, Inc. d/b/a*
*Jacumba Shell*

**IT IS SO ORDERED.**

DATED: _____May 28, 2013._____

_____
HONORABLE WILLIAM H. ALSUP
UNITED STATES DISTRICT JUDGE

[PROPOSED] CONSENT JUDGMENT AND
PERMANENT INJUNCTION

- 5 -

CASE NO. C-12-5523-WHA