William A. Markham, State Bar No. 132970
Dorn Graham Bishop, State Bar No. 147994
Rashida Khan, California State Bar No. 196420
Jason Eliaser, State Bar No. 248394
LAW OFFICES OF WILLIAM MARKHAM, P.C.
550 West C Street, Suite 2040
San Diego, CA 92101

Tel:      (619) 221-4400
Fax:      (619) 224-3974
E-mail:   wm@markhamlawfirm.com

Attorneys for Defendant Dandee Company, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| INNOVATION VENTURES, LLC et al.<br><br>Plaintiffs.<br><br>Vs.<br><br>PITTSBURGH WHOLESALE GROCERS d/b/a PITCO FOODS et al.,<br><br>Defendants | Case No.   12-CV-5523-WHA-EDL<br><br>STIPULATION AND PROPOSED ORDER (RE: RESOLUTION OF PENDING DISCOVERY DISPUTE BETWEEN PLAINTIFFS AND DAN-DEE COMPANY, INC.)<br><br>The Hon. Elizabeth D. Laporte<br><br>Date:    October 29, 2013<br>Time:    9:00 a.m.<br>Place:   Courtroom E<br><br>Complaint Filed:   October 26, 2012<br>Trial Date:        January 13, 2014 |

STIPULATION AND PROPOSED ORDER (RE: RESOLUTION OF PENDING DISCOVERY DISPUTE BETWEEN PLAINTIFFS AND DAN-DEE COMPANY, INC.)

## I. RECITALS

WHEREAS, the present stipulation is made between Plaintiffs and Defendant Dan-Dee Company, Inc. ("Dan-Dee"). By this stipulation, Plaintiffs and Dan-Dee have resolved all of the discovery matters raised in Dan-Dee's pending motion to compel discovery (Dkt. 447) and ask that the Court allow Dan-Dee to withdraw the motion and render the present stipulation a binding ORDER of the Court; and

WHEREAS, Dan-Dee filed a motion to compel Plaintiffs to provide specified discovery on September 23, 2013 (Dkt. 447); and

WHEREAS, Plaintiffs advise the Court that they never intended to bring a motion for summary adjudication before making their expert disclosures and in particular their disclosures on their own damages; and

WHEREAS, Plaintiffs and Dan-Dee have negotiated a complete resolution of all of the matters raised in Dan-Dee's pending motion to compel; and

WHEREAS, Plaintiffs have filed a related trademark action in the Eastern District of New York that is entitled *Innovation Ventures, LLC v. Ultimate One Distributing Corp., Inc.* 12-CV-05354-KAM-RLM (the "New York Action"); and

WHEREAS, Plaintiffs and Dan-Dee respectfully request that the Court (the Hon. Elizabeth D. Laporte) accept the present stipulation, convert it into an ORDER of this Court, and allow Dan-Dee to withdraw its pending motion to compel discovery.

WHEREFORE, Plaintiffs and Dan-Dee now stipulate to the following matters and request that the Court enter the present stipulation as a stipulated order in this case.

1. Plaintiffs and Dan-Dee confirm that they have executed a stipulation by which Plaintiffs have definitively waived their right to recover from Dan-Dee any damages for (a) any loss of goodwill occasioned by the counterfeiting matters or other matters placed in issue in the present case; or (b) any recompense for any harm that they attribute to any such loss of goodwill; and in reliance on this agreement Dan-Dee will not seek to conduct any discovery on this issue. Plaintiffs have disclosed by prior discovery responses that they seek to recover only the following compensatory damages from Dan-Dee, Kevin Attiq or Fadi Attiq: Plaintiffs' lost profits; and the cost that Plaintiffs have

incurred by paying Kroll, Inc. to detect, stop and remediate the counterfeiting operation at issue in this case, including the cost of enforcing the seizure orders ("remediation costs"). Plaintiffs have represented that, for purposes of calculating their own lost profits, they will rely on the lowest unit prices at which they made wholesale sales for distribution within the United States of the products that were counterfeited (SKUS: 500181 (Berry), 318120 (Orange) and 718128 (Extra Berry) during the relevant period (May, 2012 to December, 2012). Notwithstanding the foregoing, Plaintiffs expressly preserve their prerogative to seek the following additional remedies from Dan-Dee and the Attiq brothers: Disgorgement of Dan-Dee's profits, statutory damages other than compensatory damages, statutory enhancements (including treble damages), punitive damages, attorney's fees and other costs of suit. Moreover, the parties agree that Dan-Dee will examine Plaintiffs about their incremental profits per bottle during expert discovery, not during fact discovery. The parties therefore agree by this stipulation to resolve their pending discovery dispute as follows: Plaintiffs will provide the following fact discovery to Dan-Dee in connection with their claims for recovery of lost profits and remediation costs: An officer or representative of Kroll, Inc. will testify about the remediation costs. Plaintiffs' designee(s) under Rule 30(b)(6) of the Federal Rules of Civil Procedure will testify about Plaintiffs' lost profits, excluding their calculation of incremental profits, which rather will be disclosed and examined during expert discovery.

2. Plaintiffs preserve their prerogative to seek to recover from Dan-Dee damages for remediation costs – i.e., the expenses that they paid to Kroll, Inc. to do any of the following: (a) Investigate the counterfeiting operation and distribution of counterfeits placed at issue in this case; (b) seize counterfeit products and related items in the present case or the New York Action; and (c) remediate or cure any harm caused by these matters. In light of this circumstance, Plaintiffs will timely produce to Dan-Dee documents sufficient to justify such damages as they seek for these matters and will produce an authorized officer or representative of Kroll, Inc. at the offices of Plaintiffs' attorneys in New York, New York. The scheduled date and time of this deposition are as follows: October 18, 2013 at 9:30 a.m. (EDT). The deposition must begin no later than November 1, 2013, and the parties will request a change of date only if there is a good-faith reason for doing so. This officer or representative of Kroll, Inc. will be able to testify about Kroll Inc.'s charges, but Plaintiffs will not

No.

waive any applicable privilege or immunity by making the above production or allowing this witness to testify on these matters. In addition, Kroll, Inc's officer or representative will be able to offer testimony on each of the matters listed in paragraph 3 below.

    3.    Plaintiffs have previously produced all of the evidence logs and related documents that show chains-of-custody of all seized evidence for all items seized in the present case and the New York Action. Plaintiffs will promptly identify these documents by control number or send copies of them if Dan-Dee so requests. If Dan-Dee encounters any difficulty in retrieving any of these documents, Plaintiffs will transmit courtesy copies of them to Dan-Dee by pdf transmittal promptly upon Dan-Dee's demand for them. In addition, Plaintiffs will provide to Dan-Dee a comprehensive summary of the following information: (1) How many bottles of the counterfeit products at issue in this case or the New York Action were Plaintiffs able to seize or otherwise intercept before the bottles were sold to consumers? and (2) from which entities or persons these bottles were seized or intercepted? Kroll, Inc's officer or representative, who will be deposed on the date and at the place stated above, will be able to offer testimony on each of the matters described in this paragraph, but Dan-Dee will limit its questions about chain of custody to Kroll's standard procedures for preserving the chain of custody in the present case and whether Kroll observed these procedures when detaining evidence collected under the seizure orders.

    4.    Plaintiffs will produce one or more designees in response to Dan-Dee's notice of deposition to Plaintiffs under Federal Rule of Civil Procedure 30(b)(6). The scheduled date, time and place of this deposition are as follows: October 31, 2013 at 10:00 a.m. at Bienenstock Reporting, 30800 Telegraph Road, Suite 2925, Bingham Farms, MI 48025. The deposition must begin no later than November 1, 2013, and the parties will request a change of date only if there is a good-faith reason for doing so. Dan-Dee will commence the examination even though many parties from the present case and the New York Action will be in attendance. To this end, Dan-Dee will be permitted to examine the designee(s) on Plaintiffs' fixed costs (including advertising costs), Plaintiffs' variable costs, and the lowest unit prices at which Plaintiffs made wholesale sales for distribution within the United States of the products that were counterfeited during the relevant period (May, 2012 to December, 2012). Plaintiffs will transmit a production of documents on a rolling basis in order to


explain and support their understanding of the above matters and in particular in order to provide an accurate summary of (1) their fixed costs (including advertising costs); (2) their variable costs; and (3) the lowest unit prices at which they made wholesale sales for distribution within the United States of the products that were counterfeited during the relevant period (May, 2012 to December, 2012). The parties agree that all of this information will be designated as highly confidential – outside attorney's eyes only. Plaintiffs' documents will provide summaries of these matters during the relevant period, which ran from May, 2012 to October, 2012. Plaintiffs will ensure that their production of these documents is not timed so as to render impractical Dan-Dee's deposition of its designee(s) on October 31, 2013, and Plaintiffs will complete this document production no later than October 25, 2013. During expert discovery, Plaintiffs will make further disclosures concerning their calculation of incremental profits per bottle.

     5.    Dan-Dee's pending motion to compel discovery (Dkt. 447) is now MOOT and is hereby withdrawn.

**IT IS SO STIPULATED**.

DATED: October 4, 2013

/s/ Christos G. Yatrakis
Christos G. Yatrakis,
PATTERSON BELKNAP WEBB AND TYLER LLP
Attorneys for Plaintiffs,
Innovation Ventures LLC; Living Essentials LLC;
International IP Holdings, LLC.

DATED: October 4, 2013

/s/ William Markham
William Markham, Esq.
LAW OFFICES OF WILLIAM MARKHAM, P.C.
Attorneys for Defendant Dan-Dee Company, Inc.

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

DATED: 10/7, 2013

Elizabeth D. Laporte,
United States Magistrate Judge