Thomas P. Mazzucco (tmazzucco@mpbf.com) – CA Bar No. 139758
Aaron K. McClellan (amcclellan@mpbf.com) – CA Bar No. 197185
Bryan L. P. Saalfeld (bsaalfeld@mpbf.com) – CA Bar No. 243331
Nicholas C. Larson (nlarson@mpbf.com) – CA Bar No. 275870
MURPHY, PEARSON, BRADLEY & FEENEY, P.C.
88 Kearny Street, 10th Floor
San Francisco, CA 94108-5530
Tel: (415) 788-1900
Fax: (415) 393-8087

Geoffrey Potter (gpotter@pbwt.com) (*pro hac vice*)
Michelle W. Cohen (mcohen@pbwt.com) (*pro hac vice*)
Christos G. Yatrakis (cyatrakis@pbwt.com) (*pro hac vice*)
Aron Fischer (afischer@pbwt.com) (*pro hac vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000
Fax: (212) 336-2222

Attorneys for Plaintiffs
INNOVATION VENTURES, LLC, LIVING ESSENTIALS, LLC,
and INTERNATIONAL IP HOLDINGS, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INNOVATION VENTURES, LLC, LIVING ESSENTIALS, LLC, and INTERNATIONAL IP HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>- against -<br><br>PITTSBURG WHOLESALE GROCER, INC. d/b/a PITCO FOODS, ET AL.,<br>Defendants.<br><br>RELATED CROSS-ACTIONS. | Case No. 12-5523 (WHA)<br><br>**[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

On consent of Plaintiffs Innovation Ventures, LLC, Living Essentials, LLC, and International IP Holdings, LLC (together, "Living Essentials") and Defendant Rahib, Goldberg & Associates, Inc. d/b/a Courtesy Wholesale ("RGA"), it is hereby ORDERED, ADJUDGED and DECREED:

1. For purposes of this injunction, the "5-hour ENERGY® Marks" are:

[PROPOSED] CONSENT JUDGMENT and PERMANENT INJUNCTION     CASE NO. C-12-5523-WHA

6378424v.1

- "5 HOUR ENERGY" (Registration No. 3,003,077);

- "5-HOUR ENERGY" (Registration No. 4,004,225);

- ![5-hour ENERGY logo] (Registration No. 4,104,670);

- ![Extra Strength package] which includes the wording "5-hour ENERGY" in black outlined in yellow, below which are the words "EXTRA STRENGTH" in yellow, along with a person in black silhouette, outlined in yellow, shown in an athletic pose adjacent to an uneven landscape, with the sky depicted in transitioning colors from black to red as the sky meets the landscape (Registration No. 4,116,951);

- ![Running Man silhouette], commonly referred to as "Running Man," (Registration No. 3,698,044); and

- ![5-hour ENERGY sunset package] which includes the wording "5-hour ENERGY" in black outlined in yellow, along with a person in black silhouette, outlined in yellow, shown in an athletic pose adjacent to an uneven landscape, with the sky depicted in transitioning colors from red to yellow as the sky meets the landscape (Registration No. 4,120,360).

2. For purposes of this injunction, the "5-hour ENERGY® Trade Dress" is the distinctive packaging used to distinguish 5-hour ENERGY® products in the marketplace and which consumers associate strongly with the products. The packaging is shown as follows:

 

3. For purposes of this injunction, the "5-hour ENERGY® Copyright" is United States Copyright Registration Number TX 6-833-514 for the "Caution" label used on the 5-hour ENERGY® bottle. The copyrighted work reads as follows:

> CAUTION: Contains about as much caffeine as a cup of coffee.
> Limit caffeine products to avoid nervousness, sleeplessness, and
> occasionally rapid heartbeat. You may experience a Niacin Flush
> (hot feeling, skin redness) that lasts a few minutes. This is caused
> by Niacin (Vitamin B3) increasing blood flow near the skin.

4. RGA and its agents, servants, employees, and all other persons in active concert and participation with them, are permanently enjoined from:

　a. using any of the 5-hour ENERGY® Marks (or any marks confusingly similar thereto) on any counterfeit product in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other use of dietary supplements;

　b. using any logo, trade name, or trademark confusingly similar to any of the 5-hour ENERGY® Marks which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of RGA or of others are sponsored by, authorized by, or in any way associated with Living

Essentials;

    c. infringing any of the 5-hour ENERGY® Marks, the 5-hour ENERGY® Trade Dress, or the 5-hour ENERGY® Copyright;

    d. falsely representing itself as being connected with Living Essentials or sponsored by or associated with Living Essentials, or engaging in any act which is likely to cause the trade, retailers, or members of the purchasing public to believe that it or the other defendants are associated with Living Essentials, provided, however, that the purchase and sale of 5-hour ENERGY® products shall not in and of itself fall within this sub-paragraph;

    e. using any reproduction, counterfeit, copy, or colorable imitation of any of the 5-hour ENERGY® Marks in connection with the publicity, promotion, sale, or advertising of dietary supplements;

    f. affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent those goods as being 5-hour ENERGY® and from offering such goods in commerce;

    g. buying, selling, transferring (other than to Living Essentials or law enforcement officials), altering, or destroying any counterfeit products with the 5-hour ENERGY® Marks; and

    h. assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

5. Nothing contained in this Judgment and Permanent Injunction is or shall be construed as an admission, express or implied, of any improper or illegal conduct, or of any culpability or liability by RGA.

6. Any claims that RGA may have against any other individual or entity arising out of RGA's purchase, distribution, advertising, offering for sale, and sale in commerce of the products containing the 5-hour ENERGY® Marks are hereby assigned to Living Essentials.

7. In addition to other remedies, including damages, for contempt of this Permanent Injunction, in the event of breach or violation of the terms of this Permanent Injunction by RGA, its agents, servants, employees, affiliates, subsidiaries, or any other person in active concert and participation with them, Living Essentials is entitled to a preliminary and permanent injunction against the breaching conduct solely upon a showing of a likelihood of success of establishing that such a breach occurred. A prevailing party, in addition to any award of damages or injunctive relief, shall be entitled to an award of actual attorneys' fees in any such dispute. Living Essentials and RGA each agree that jurisdiction and venue for such an action exist in this District Court and RGA waives any and all defenses based on personal jurisdiction and venue.

This Judgment is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this action is hereby dismissed, with prejudice, only against RGA, without costs or attorneys' fees.

| | |
|---|---|
| INNOVATION VENTURES, LLC, LIVING ESSENTIALS, LLC, and INTERNATIONAL IP HOLDINGS, LLC | RAHIB, GOLDBERG & ASSOCIATES, INC. |
| By: /s/ Christos G. Yatrakis<br>Geoffrey Potter, Esq.<br>Michelle W. Cohen, Esq.<br>Christos G. Yatrakis, Esq.<br>Patterson Belknap Webb & Tyler LLP<br>1133 Avenue of the Americas<br>New York, NY 10036<br>(212) 336-2000<br>*Attorneys for Innovation Ventures, LLC, Living Essentials, LLC, and International IP Holdings, LLC* | By: /s/ Tatum S. Hilmoe<br>Tatum S. Hilmoe, Esq.<br>Tatum Hilmoe, PC<br>515 S. Flower Street, 36th Floor<br>Los Angeles, California 90071<br>(800) 941-4807<br>*Attorneys for Rahib, Goldberg & Associates, Inc.* |

**IT IS SO ORDERED.**

DATED: October 7, 2013.

_____
William Alsup
United States District Judge