Thomas P. Mazzucco (tmazzucco@mpbf.com) – CA Bar No. 139758
Aaron K. McClellan (amcclellan@mpbf.com) – CA Bar No. 197185
Bryan L. P. Saalfeld (bsaalfeld@mpbf.com) – CA Bar. No. 243331
Nicholas C. Larson (nlarson@mpbf.com) – CA Bar No. 275870
MURPHY, PEARSON, BRADLEY & FEENEY, P.C.
88 Kearny Street, 10th Floor
San Francisco, CA 94108-5530
Tel:   (415) 788-1900
Fax:   (415) 393-8087

Geoffrey Potter (gpotter@pbwt.com) (*pro hac vice*)
Christos Yatrakis (cyatrakis@pbwt.com) (*pro hac vice*)
Jonah M. Knobler (jknobler@pbwt.com) (*pro hac vice*)
Adam Blumenkrantz (ablumenkrantz@pbwt.com) (*pro hac vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
113 Avenue of the Americas
New York, NY 10036
Tel:   (212) 336-2000
Fax:   (212) 336-2222

Attorneys for Plaintiffs
INNOVATION VENTURES, LLC, LIVING ESSENTIALS, LLC, and
INTERNATIONAL IP HOLDINGS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATION VENTURES, LLC, LIVING ESSENTIALS, LLC, and INTERNATIONAL IP HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>PITTSBURG WHOLESALE GROCERS, INC., d/b/a PITCO FOODS, ET AL.,<br><br>Defendants.<br><br>AND RELATED CROSS-CLAIMS. | Case No.: C-12-5523-WHA-ELP<br><br>**STIPULATION UNDER LOCAL RULE 6-2 TO SHORTEN TIME FOR HEARING ON PLAINTIFFS' MOTION FOR CHANGE OF VENUE PURSUANT TO 18 U.S.C. §1404** |

In accordance with Civil Local Rule 6-2, Plaintiffs Innovation Ventures, LLC, Living Essentials, LLC, and International IP Holdings, LLC (collectively, "Living Essentials"); Defendants Dan-Dee Company, Inc., Kevin Attiq, and Fadi Attiq (collectively, the "Dan-Dee Defendants"); third-party defendants Mario Ramirez, Camilo Ramirez, MCR Innovations and Packaging, Inc., MCR Printing & Packaging Corp., and Naftaunited.com (collectively, the "MCR Parties"); third-party defendants Jose Navarro and One Stop Label Corporation (collectively, "the One Stop Label Parties"); third-party defendants Tradeway Int'l, Inc. d/b/a Baja Exporting, Joseph Shayota, and Adriana Shayota (collectively, the "Baja Parties"); and third-party defendants Walid Jamil, Raid Jamil, Justin Shayota, Midwest Wholesale Distributors, Inc., J.T. Wholesale, Inc., and Trimexico, Inc. (collectively, the "Midwest Parties") hereby present this stipulation to the Court to Shorten Time to Hear Living Essentials' unopposed Notice of Motion and Motion for Change of Venue Pursuant to 28 U.S.C. §1404.

WHEREAS, on this day, Living Essentials filed a Notice of Motion and Motion for Change of Venue Pursuant to 28 U.S.C. §1404 ("Motion");

WHEREAS Civil Local Rule 7-2(a) requires the motion to be noticed for hearing not less than 35 days after service of the motion;

ACCORDINGLY, the above-named parties, pursuant to Civil Local Rule 6-2, hereby STIPULATE to shortening the time under Civil Local Rule 7-2(a) for the hearing on Living Essentials' Motion on the following grounds:

1. Living Essentials' Motion requests that this action be transferred to the Eastern District of New York for consolidation with the first-filed, larger companion lawsuit, captioned *Innovation Ventures et al. v. Ultimate One Distributing Corp. et al.*, 12-cv-5354 (KAM) (RLM).

2. Living Essentials could not have moved for this relief earlier than today. Until this past weekend, this case involved claims asserted by and against certain parties who were not involved in the New York action, who were not subject to jurisdiction in New York, and who would not consent to transfer: Elite Wholesale, Inc., Tonic Wholesale Inc. d/b/a Ace Wholesale, Dapan USA Corp. d/b/a Frontier Wholesale, and Sung Keun Lee (collectively, the "Elite Parties"). However, over the past few days, all claims in this lawsuit involving the Elite Parties were settled (pending the Court's so-ordering

of the settlements).  Now, all remaining parties in this case are *also* parties to the parallel New York action, rendering transfer and consolidation a realistic option for the first time.

3. The standard 35-day notice period for the Motion pursuant to Local Rule 7-1 would require Living Essentials' Motion to be noticed for hearing on December 19, 2013, less than one month before the January 13, 2014 trial date in the present action.

4. The standard 35-day notice period is unnecessary in this instance because all parties to this matter—including the Dan-Dee Defendants (who are the only remaining direct defendants) and all actively litigating third-party defendants—consent to the relief requested.

5. Shortening the time to hear the Living Essentials' Motion alone will have no effect on other deadlines in this case.

6. Justice and efficiency would be best served by having Living Essentials' Motion noticed and heard on an expedited schedule, in light of the upcoming trial date set for January 13, 2014, and the extensive pretrial preparations the parties will be required to make over the coming weeks.  Those preparations have now become duplicative of the preparations the parties will be required to make in the New York action, and expedited consideration of this motion would allow the parties to avoid incurring those considerable expenses unnecessarily.

7. Fact discovery in this action closed on October 31, 2013, and expert discovery is now underway.  Trial is scheduled for January 13, 2014.  Meanwhile, fact discovery in the New York action is scheduled to conclude on January 17, 2014, and expert discovery in that action is scheduled to conclude on May 23, 2014, with trial to follow.

8. As Living Essentials and the Dan-Dee Defendants were already set to appear before the Court on November 14, 2013 at 8:00 am on Defendant Dan-Dee's Motion to Authorize Salaries, the parties have proposed having Living Essentials' Notice of Motion and Motion for Change of Venue Pursuant to 28 U.S.C. §1404 heard at that date and time.  Yesterday, Dan-Dee withdrew its Motion to Authorize Salaries; the parties respectfully request that the instant Motion be heard on November 14 in its stead, assuming the Court remains available.

**IT IS SO STIPULATED.**

| | | |
|---|---|---|
| 1 | Dated: November 12, 2013 | Respectfully submitted, |
| 2 | | MURPHY, PEARSON, BRADLEY & FEENEY |
| 3 | | |
| 4 | | By: /s/ *Thomas P. Mazzucco* |
| | | Thomas P. Mazzucco |
| 5 | | Aaron K. McClellan |
| | | Bryan L. Saalfeld |
| 6 | | 88 Kearny Street |
| | | 10th Floor |
| 7 | | San Francisco, CA 94108 |
| | | (415) 788-1900 |

Of counsel:

PATTERSON BELKNAP WEBB & TYLER LLP
Geoffrey Potter
Christos Yatrakis
Jonah M. Knobler
Adam Blumenkrantz

1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

Attorneys for Plaintiffs
INNOVATION VENTURES LLC, LIVING ESSENTIALS LLC, and INTERNATIONAL IP HOLDINGS, LLC

DATED: November 12, 2013

LAW OFFICES OF WILLIAM MARKHAM, P.C.

By: /s/ William Markham
William Markham, Esq.
Attorneys for Defendant Dan-Dee Company, Inc.

DATED: November 12, 2013

GORDON & REES LLP

By: /s/ Aaron P. Rudin
AARON P. RUDIN
Attorneys for Third-Party Defendants, Cross-Defendants and Cross-Claimants, MARIO RAMIREZ, CAMILO RAMIREZ, MCR INNOVATIONS AND PACKAGING, INC., MCR PRINTING & PACKAGING CORP., and

NAFTAUNITED.COM

DATED: November 12, 2013    THE LAW OFFICES OF STANTON LEE PHILLIPS

By: /s/ Stanton Lee Phillips
STANTON LEE PHILLIPS
Attorneys for Third-Party Defendants JOSE NAVARRO and ONE STOP LABEL CORPORATION

DATED: November 12, 2013    SELTZER CAPLAN McMAHON VITEK,
a law corporation

By: /s/ David Greeley
DAVID M. GREELEY
Attorneys for Third-Party Defendants, Cross-Claimants and Cross-Defendants TRADEWAY INT'L, INC (D/B/A BAJA EXPORTING) JOPSEH SHAYOTA, and ADRIANA SHAYOTA

DATED: November 12, 2013    PAESANO AKKASHIAN, P.C.

By: /s/ Richard Apkarian
RICHARD M. APKARIAN
Attorneys for Third-Party Defendants, Cross-Claimants and Cross-Defendants WALID JAMIL, RAID JAMIL, JUSTIN SHAYOTA, MIDWEST WHOLESALE DISTRIBUTORS, INC., JT WHOLESALE, INC., and TRIMEXICO, INC.

Pursuant to the above Stipulation, IT IS SO ORDERED. Plaintiffs' Motion for Change of Venue Pursuant to 28 U.S.C. §1404 shall be heard on shortened time on November 14, 2013, at 8:00 a.m, ~~or the earliest available date with the Court.~~

Entered: November 13, 2013.

The Honorable William H. Alsup
UNITED STATES DISTRICT COURT

BLS.20685011.doc

- 4 -