UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
INNOVATION VENTURES LLC, et al.,

       *Plaintiffs*,

    -against-

PITTSBURG WHOLESALE GROCERS INC.,
et al.,

       *Defendants*.

--------------------------------X

**ORDER**

13-CV-6397(KAM)(ST)

**MATSUMOTO, United States District Judge**

      Non-party U.S. Wholesale Outlet & Distribution, Inc.,
("U.S. Wholesale" or "putative-intervenor"), seeks to intervene
in this action which has been closed since April 24, 2017.  (*See*
ECF No. 611, Not. Voluntary Dismissal; ECF No. 612, Order
granting Motion for Entry of Judgment under Rule 54(b).)
Pursuant to Federal Rule of Civil Procedure 12(f) ("Rule
12(f)"), plaintiffs move to strike certain passages of U.S.
Wholesale's reply brief in support of its Motion to Intervene in
this action.  (*See* ECF No. 624, Pls.' Mot. to Strike; ECF No.
630, Mot. to Intervene; ECF No. 622, Reply Br.)

      Rule 12(f) provides, in pertinent part, that a court
"may strike from a *pleading* . . . any redundant, immaterial,
impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f)
(emphasis added).  The Federal Rules of Civil Procedure define
pleadings as "(1) a complaint; (2) an answer to a complaint; (3)

an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). Courts in this Circuit routinely deny motions to strike under Rule 12(f) which target legal briefs and memoranda as opposed to pleadings. *See, e.g.*, *Dekom v. New York*, No. 12-CV-1318, 2013 WL 3095010, at *6 (E.D.N.Y. June 18, 2013) (denying motion to strike because a party can strike only pleadings pursuant to Rule 12, not legal briefs); *Huelbig v. Aurora Loan Servs., LLC*, No. 10-CV-6215, 2011 WL 4348281, at *2 (S.D.N.Y. May 18, 2011) ("[The] [p]laintiff's [m]otion to [s]trike is improper because Federal Rule of Civil Procedure 12(f) allows a court to strike pleadings only."), *adopted by* 2011 WL 4348275 (S.D.N.Y. Sept. 16, 2011); *Marshall v. Webster Bank, N.A.*, No. 10-CV-908, 2011 WL 219693, at *12 (D. Conn. Jan. 21, 2011) (finding that a "reply memorandum is not a 'pleading'" and was therefore not subject to being struck pursuant to Rule 12); *Del Col v. Rice*, No. 11-CV-5138, 2014 WL 1834983, at *9 (E.D.N.Y. May 7, 2014) ("[Defendants'] memorandum of law . . . opposing the [putative-intervenors'] motion to intervene is not a pleading, and therefore, the [putative-intervenor] cannot properly strike portions of those documents pursuant to Rule 12(f).").

As plaintiffs seek to strike portions of a reply brief, Rule 12(f) is not an appropriate vessel for the relief they seek, and the motion is therefore DENIED.

**SO ORDERED.**

Dated:    August 14, 2019
             Brooklyn, New York

_____/s/_____
**Kiyo A. Matsumoto**
United States District Judge
