UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
INNOVATION VENTURES LLC, et al.,

       *Plaintiffs*,

    -against-

PITTSBURG WHOLESALE GROCERS INC.,
et al.,

       *Defendants*.

----------------------------------X

**ORDER**

13-CV-6397(KAM)(ST)

**MATSUMOTO, United States District Judge**

       Pursuant to Federal Rule of Civil Procedure 24 ("Rule 24"), non-party U.S. Wholesale Outlet & Distribution, Inc., ("U.S. Wholesale" or "putative-intervenor"), seeks to intervene in this action which has been closed since April 24, 2017. (*See* ECF No. 611, Not. Voluntary Dismissal; ECF No. 612, Order granting Motion for Entry of Judgment under Rule 54(b); ECF No. 630, Ltr. Mot.; ECF No. 621, Pls.' Opp.; ECF No. 622, Reply.) For the reasons discussed below, the putative-intervenor's motion is DENIED.

       U.S. Wholesale moves to intervene so that it may, *first*, modify the protective order in this now-closed case. (Ltr. Mot. 1.) It seeks access to deposition transcripts of two witnesses in this action, Matthew Dolmage and Kevin Riffle. *Second*, if the protective order is modified, U.S. Wholesale seeks this court's permission to request leave of the United

States District Court for the Central District of California to use both transcripts in a case pending before that court. (*Id*.) Plaintiffs oppose, and on June 6, 2019, filed a letter representing to the court that discovery in the California litigation closed as of March 2019, and that in January 2019, U.S. Wholesale deposed Dolmage in the California litigation. (ECF No. 627, Pls.' Supp. Ltr.) U.S. Wholesale clarified on June 19, 2019, that it no longer sought the deposition transcript of Riffle. (ECF No. 628, USW Supp. Ltr. 1.)

The court assumes familiarity with the lengthy history of this case that involved numerous defendants and spanned several districts. Much of the history is not pertinent to the court's decision herein. U.S. Wholesale seeks to have this court modify the protective order, and it devotes much of its submission to the question of whether Ninth Circuit law applies to such modification. (Ltr. Mot. 2.) Whether or not that is the case, this court must first decide U.S. Wholesale's motion to intervene under Federal Rule of Civil Procedure 24, and applies the precedent of its governing circuit, the Second Circuit. The putative-intervenors' citation to and arguments relying on Ninth Circuit law regarding protective order modification and contractual interpretation are thus inapplicable to this first step of the inquiry regarding intervention.

U.S. Wholesale does not indicate whether it seeks intervention as of right under Rule 24(a), or permissive intervention under Rule 24(b). Even on reply, putative-intervenor does not argue that its motion is proper under Rule 24, which plaintiffs argue it is not. (Pls.' Opp. 8-10.) Instead, U.S. Wholesale argues only that the protective order should be modified. The court must nevertheless be satisfied that intervention is proper.

First, Rule 24 permits an intervention as of right when a putative intervenor is given an *unconditional* right to intervene by federal statute; or a permissive intervention when given a *conditional* right by a federal statute. Fed. R. Civ. P. 24(a)(1); (b)(1)(A). U.S. Wholesale invokes no federal statute in its letter motion. Second, Rule 24(a) permits an intervention as of right by anyone who "claims an interest relating to the property or transaction that is the subject of the action and . . . that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2). By contrast, a permissive intervention requires only a showing that the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In addition to such a showing, Rule 24 requires the motion to "state the grounds for intervention and be accompanied by a

3

pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Courts have found, however, that "a failure to attach . . . a proposed pleading" as required by Rule 24(c) "is not fatal to the motion to intervene and may be waived by a failure to object." *N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, No. 12-CV-1633, 2015 WL 777248, *18 (E.D.N.Y. Feb. 13, 2015) (citing *In re Parr*, 17 B.R. 801, 804 n.3 (Bankr. E.D.N.Y. 1982), *adopted by*, No. 12-CV-1633, 2015 WL 1345814 (E.D.N.Y. Mar. 25, 2015). U.S. Wholesale does not attach a pleading to its letter motion to intervene and states only that it seeks intervention to have this court modify the protective order. (Ltr. Mot. 2-3.) Plaintiffs did not object to this omission.

To intervene as of right pursuant to Rule 24(a)(2), a movant must show that: (1) the application is timely; (2) the applicant claims an interest relating to the subject matter of the action; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not adequately protected by an existing party. *N. Shore-Long Island Jewish Health Sys.*, 2015 WL 777248, at *18 (citing *R Best Produce, Inc. v. Shulman–Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006)). As to permissive intervention, "[i]n exercising its broad discretion under Rule 24(b), a court considers the same factors that it considers for

4

intervention as of right."  *MASTR Adjustable Rate Mortg. Tr. 2006-A3 v. UBS Real Estate Secs.*, No. 12-CV-7332, 2013 WL 139636, at *2 (S.D.N.Y. Jan. 11, 2013); *see also Peterson v. Islamic Republic of Iran*, 290 F.R.D. 54, 57 (S.D.N.Y. 2013) ("Courts typically consider the same four factors whether a motion for intervention is 'of right' under Fed. R. Civ. P. 24(a) or 'permissive' under Fed. R. Civ. P. 24(b)."). "Failure to satisfy *any one* of these requirements is a sufficient ground to deny the application. Thus[,] an untimely motion to intervene must be denied."  *Farmland Dairies v. Comm'r of N.Y. State Dep't of Agric. & Mkts.*, 847 F.2d 1038, 1043 (2d Cir. 1988); *see also NAACP v. New York*, 413 U.S. 345, 366 (1973). *But see In re Pineapple Antitrust Litig.*, 2015 WL 5439090, at *2 ("[T]here is no implication in the caselaw or in common sense why the passage of more than three years should disable a journalist from seeking unsealing.").

U.S. Wholesale has not even attempted to establish its right to intervention under the more onerous requirements of Rule 24(a). Thus, the court will evaluate its motion under Rule 24(b), as "permissive intervention [under Rule 24(b)] is the proper method for a nonparty to seek a modification of a protective order."  *A.T. & T. Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005). "'A litigant's purpose in seeking modification of an existing protective order is also relevant

for determining whether to grant a modification.'" *Dorsett v. County of Nassau*, 289 F.R.D. 54, 65 (E.D.N.Y. 2012) (quoting *In re Ethylene Propylene Diene Monomer Antitrust Litig.*, 255 F.R.D. 308, 324 (D. Conn. 2009)). Courts appear to require a lesser showing when the press or other public interest group seeks to intervene to modify a protective order or otherwise unseal judicial documents. *See, e.g., United States v. Erie County*, 763 F.3d 235, 238 (2d Cir. 2014) (reviewing district court's decision to deny access to sealed compliance reports to New York Civil Liberties Union); *In re Pineapple Antitrust Litig.*, 2015 WL 5439090, at *2. "[R]equests to modify protective orders so that the public may access discovery materials is arguably subject to a more stringent presumption against modification because there is no public right of access to discovery materials.'" *Dorsett*, 289 F.R.D. at 65 (quoting *In re Ethylene*, 255 F.R.D. at 324).

Courts are instructed to evaluate the timeliness of the proposed intervention "against the totality of the circumstances before the court." *Farmland Dairies*, 847 F.2d at 1044; *Dorsett*, 289 F.R.D. at 72. The Second Circuit has emphasized a district court's "broad discretion under Rule 24(b) to determine whether to permit intervention on the basis that the intervenor's 'claim or defense and the main action have a question of law or fact in common.'" *St. John's Univ. v.*

6

*Bolton*, 450 F. App'x 81, 84 (2d Cir. 2011) (quoting Fed. R. Civ. P. 24(b)(2)).

To determine if a motion to intervene is timely, courts consider the following: (1) the length of time the applicant knew or should have known of his interest before making the motion; (2) prejudice to the existing parties resulting from the applicant's delay; (3) prejudice to the applicant if the motion is denied; and (4) the presence of unusual circumstances militating for or against a finding of timeliness. *In re Akron Beacon J. v. Metro. Life. Ins. Co.*, No. 94-CV-1402, 1995 WL 234710, at *6 (S.D.N.Y. Apr. 20, 1995). "Post-judgment intervention, [however,] is generally disfavored because it fosters delay and prejudice to existing parties." *Dorsett*, 289 F.R.D. at 72 (citing *Farmland Dairies*, 847 F.2d at 1044).

Nowhere in its letter motion to intervene or in its reply does U.S. Wholesale argue pertinent authority for applying Rule 24(b) to the instant case. Plaintiffs, in opposing the motion to intervene, argue the motion is untimely because the putative-intervenors, through counsel, had notice of the discovery documents they seek; that denial would not prejudice U.S. Wholesale; and that "unusual circumstances" exist to deny the motion. (Opp. 8-9.) As to these unusual circumstances, which the court does not find dispositive, plaintiffs insinuate

that U.S. Wholesale's counsel filed new lawsuits based on the information they learned in discovery in this case. (Opp. 9-10.)

First, the court finds the motion is untimely. The relevant depositions took place in November 2013 and April 2014. U.S. Wholesale moved in September 2018, sixteen months after this action was closed, and more than four years after the depositions. Admittedly, an intervention during the pendency of an action may be more disruptive than a post-judgment intervention, and the delay here does not appear to prejudice any party or add to the disruption. Nevertheless, this substantial delay weighs against finding the motion timely, especially given the fact that U.S. Wholesale's counsel represented parties in this action and were aware of the availability of the protected discovery materials.

Second, denying the motion would not prejudice U.S. Wholesale. As plaintiffs argue, U.S. Wholesale has already taken Dolmage's deposition. Though U.S. Wholesale argues it "will not have any way to impeach Mr. Dolmage at trial," it had the opportunity it was entitled to in deposing Dolmage in the California litigation. U.S. Wholesale's does not explain how its interests will be impaired if it is left with the discovery it took in the California litigation. The court agrees with plaintiffs that U.S. Wholesale has "largely obtained" the

8

discovery it seeks in this case. Though U.S. Wholesale clarified it no longer seeks Riffle's deposition, plaintiffs represented, and U.S. Wholesale did not dispute, that U.S. Wholesale also had the opportunity to depose Riffle in the California litigation, noticed his deposition, but chose to cancel the deposition shortly before it was scheduled. (Pls.' Supp. Ltr. 1 n.1.)

U.S. Wholesale presents no compelling reason to disturb this long resolved and closed action, so that it may obtain *additional* discovery in a collateral matter. The motion to intervene is therefore DENIED. *See A.T.& T.*, 407 F.3d at 562 (affirming denial of motion to intervene and modify protective order seeking discovery documents in an attempt to circumvent closure of discovery in collateral state action). As the court denies the motion for failure to comply with Rule 24, it need not reach the question of whether the protective order is governed by Ninth Circuit Law, and declines to do so.

Dated:  September 30, 2019
        Brooklyn, New York

                                            /s/
                                    **Kiyo A. Matsumoto**
                                    United States District Judge